UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

FILED

JUSTICIA RIZZO

Plaintiff-

V.

JOSEPH ROBINETTE BIDEN JR
PRESIDENT OF THE UNITED STATES
(POTUS)
CHUCK SCHUMER
UNITED STATES SENATOR
NEW YORK
DEMOCRATIC SENATE LEADER
NANCY PELOSI
CALIFORNIA CONGRESS
SPEAKER OF THE HOUSE
Defendants-

CIVIL ACTION 2022 MAR -2 PM 12: 07

03-22 0151 U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**Oral Argument Requested**

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

**COMES NOW,** The Plaintiff **Justicia Rizzo**, Non Attorney, **HONORABLY DISCHARGED** Veteran, **NATO** Recipient, **pro se**, who has been recognized as Federal Whistle Blower, pursuant to **MSPB Case CH-0752-15-0104-I-2,** Respectfully moves this Court for a preliminary injunction to **TEMPORARILY BLOCK** the Confirmation of The newly nominated Supreme Court Justice, Ketanji Brown Jackson, until the United States Senate **CONFIRMS** the **Merit System Protection Board** ( MSPB) Judges FIRST. The MSPB Judges, have been nominated t*wice* and confirmed by two senate committees *twice* in both the Donald Trump Administration and the Joe Biden Administration, yet Senate Leader Chuck Schumer has **FAILED** to schedule and hold the confirmation of these judges for more than 5 years, leaving the MSPB without quorum, resulting in over **3,400** cases on backlog, with reportedly **774** labeled as Whistle Blower Cases, and reportedly about **100** federal cases stuck in limbo disputing whether the initial decisions of the administrative judges were made by inferior judges. The Plaintiff along with thousands of other litigants have been subject to IRREPERABLE HARM. This injunction also affects public interest of thousands of other Federal Employees. Because there are several issues at hand that affect both irreparable harm and public interest, The Plaintiff respectfully request this court to expedite ruling, and consolidate the preliminary injunction hearing with the trial regarding the legal merits. The Plaintiff seeks the foregoing motion as outlined in **Fed. R. Civ. P. 65(a) along with a Memorandum in Support**


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

JUSTICIA RIZZO

    Plaintiff-

V.

JOSEPH ROBINETTE BIDEN JR
PRESIDENT OF THE UNITED STATES
(POTUS)
&
CHUCK SCHUMER
UNITED STATES SENATOR
NEW YORK
DEMOCRATIC SENATE LEADER

Defendants

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

JUSTICIA RIZZO
**PLAINTIFF /Veteran /pro se**

JOSEPH ROBINETTE BIDEN JR
**DEFENDANT / UNITED STATES PRESIDENT**

CHUCK SCHUMER
**DEFENDANT / DEMOCRATIC SENATE LEADER**

NANCY PELOSI
**DEFENDANT/ SPEAKER OF THE HOUSE**

**Facilities** : UNITED STATES WHITE HOUSE
1600 Pennsylvania Ave, NW
Washington, DC 20502

UNITED STATES SENATE
322 Hart Senate Office Bldg.
Washington, DC20510

UNITED STATES CONGRESS
1236 Longworth House Office Building
Washington, DC 20515



## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................

AFFIVDAVIT DECLARATION IN SUPPORT OF MOTION ................................................

INTRODUCTION...........................................................

ARGUMENT .......................................................................................

FACTS ...............................................................

I.     IRREPERABLE HARM WITHOUT INJUCTION....................................................................

II.     INJURE OTHERS & PUBLIC INTEREST.......................................................................

 STATEMENT OF ORAL ARGUMENT...........................................................................

CONCLUSION...........................................................................................

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## *CASES*

a. **See Grant v. GHG014, LLC, 65 So.3d 1066, 1067 (Fla. 4th DCA 2010).** Injunctive relief is usually categorized as temporary or permanent in duration and mandatory or prohibitory in effect. Prohibitory injunctive relief restrains or enjoins the commission or continuance of an act and prevents a threatened injury to the applicant or moving party. Mandatory injunctive relief goes beyond mere restraint and requires the enjoined party to perform specific affirmative acts. For this reason, mandatory injunctions "are looked upon with disfavor, and the courts are even more reluctant to issue them than prohibitory ones.

b. **See Sampson v. Murray, 415 U.S. 61, 88 (1974).** The *sine qua non1* of injunctive relief is a showing of irreparable injury and the inadequacy of legal remedies. Generally, the party requesting an injunction must establish the likelihood of irreparable harm if the injunction is not entered and that other remedies at law are inadequate.

c. **See Pop Radio, LP v. News America Marketing In-Store, Inc., 898 A.2d 863, 867 (Conn. Super. Ct. 2005).** )"To obtain a temporary injunction, an applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim"

d. **See also Lifeguard Benefit Services, Inc. v. Direct Medical Network Solutions, Inc., 308 S.W.3d 102, 111 (Tex. App. 2010)** "To obtain a temporary injunction, an applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim";

e. **See Stop Rail Now v. DeCosta, 203 P.3d 658, 663 (Haw. Ct. App. 2008)**("Generally, the standard for a preliminary injunction is: (1) whether the moving party has shown that it is likely to succeed on the merits; (2) whether the balance of irreparable harms favors the issuance of an injunction; and (3) whether the public interest supports granting such an injunction").

f. **See eBay Inc. v. MercExchange, L.L.C.** case The U.S. Supreme Court reiterated the legal standard for injunctive relief: A plaintiff seeking an injunction must demonstrate that: (1) it suffered an irreparable injury; (2) remedies at law, such as monetary damages, are inadequate to compensate for the injury; (3) considering the balance of the hardships between plaintiff and defendants, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

g. **See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).** These criteria are similar if not identical to the legal standards for injunctive relief in the Federal Circuit: A] plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest

h. **See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)** district court may grant injunctive relief only if the movant establishes the following: (1) it has a substantial likelihood of success on the merits of the underlying case; (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and; and (4) an injunction would not disserve the public interest

i. **See American Signature, Inc. v. U.S., 598 F.3d 816, 823 (Fed. Cir. 2010)).** district court may grant injunctive relief only if the movant establishes the following: (1) it has a substantial likelihood of success on the merits of the underlying case; (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and; and (4) an injunction would not disserve the public interest

j. **See also Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1375-76 (Fed. Cir. 2009).** A district court may grant injunctive relief only if the movant establishes the following: (1) it has a substantial likelihood of success on the merits of the underlying case; (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and; and (4) an injunction would not disserve the public interest

k. **See North American Medical Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217** Under Federal law, the procedure for obtaining injunctive relief is governed by Federal Rule of Civil Procedure 65. addresses preliminary injunctions and TROs. See Fed. R. Civ. P. 65(a)-(b). Under Fed. R. Civ. P. 65, a preliminary injunction may only issue on notice to the adverse party. See Fed. R. Civ. P. 65(a). Also pursuant to Fed. R. Civ. P. 65, a TRO may issue without written or oral notice to the adverse party or their attorney.

l. **See(11th Circuit 2008); Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000).** However, other circuit courts require irreparable harm to be proven by the employee in discrimination and retaliation cases before injunctive relief can be granted.

m. **See Baker v. Buckeye Cellulose Corp., 856 F.2d 167 (11th Cir. 1988).** However, other circuit courts require irreparable harm to be proven by the employee in discrimination and retaliation cases before injunctive relief can be granted.

4

n. See DeNovellis v. Shalala, 135 F.3d 58 (1st Cir. 1998); Stewart v. U.S. Immigration & Naturalization Serv., 762 F.2d 193 (2d Cir. 1985); ); In the employment law context, certain jurisdictions support a presumption of irreparable harm in discrimination and retaliation cases
o. See Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987); In the employment law context, certain jurisdictions support a presumption of irreparable harm in discrimination and retaliation cases
p. See EEOC v. Anchor Hocking Corp., 666 F.2d 1037 (6th Cir. 1998). In the employment law context, certain jurisdictions support a presumption of irreparable harm in discrimination and retaliation cases
q. See *City of Los Angeles v. Lyons, 461 U.S. 95, 107 n. 8 (1983)*. The plaintiff must establish irreparable harm is likely if the court does not grant the preliminary injunction.
r. See *Amoco Production v. Village of Gambell*, The Supreme Court determined public interest promoted by the Alaska National Interest Lands Conservation Act "to protect Alaskan subsistence resources from unnecessary destruction," rather than preventing the actions the plaintiff sought to enjoin. 480 U.S. 531, 544 (1987).
s. *See Hutto v. Finney* (1978)Supreme Court blessed this kind of maneuver as a means to circumvent *state* sovereign immunity to contempt fines .Still, not every point about state sovereign immunity carries over to its federal analogue. For example, if the fined official had no personal connection to the noncompliance (e.g., if the court tried to fine the agency head on a vicarious liability theory), contempt sanctions might be barred altogether, or compensable from the Judgment Fund.
t. See D.C. Circuit said in *Cobell v. Norton* (2003). That contempt findings may come with no sanction does not render them powerless.
u. See *Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty., 391 U.S. 563, 568, (1968),* "citizens do not surrender their First Amendment rights by accepting public employment," and that retaliation for exercise of these rights is illegal. This is still the law of the land, and this principle was upheld as recently as 2014, where the Supreme Court, in *Lane v. Franks,* 134 S. Ct. 2369, 2377 (2014), explained:
v. See Griffin v. Illinois, 351 U.S. 12, 16-17 (1956) (explaining that our constitutional guarantee of due process follows the tradition set forth in the Magna Carta).
w. See Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1, 28-34 (1991) (Scalia, J., concurring) (describing the history of due process from the Magna Carta in 1215, to an English statute from 1354, to the American colonists' understanding of the term in the late 18th century as expressed in their laws and state constitutions, to Supreme Court decisions reached thereafter).
x. See Lloyd-La Follette Act, 37 Stat. 555, Aug. 24, 1912. 5 S. Rep. 95-969, at 40 (1978 U.S.C.C.A.N. 2723, 2762) (explaining that the CSRA's "new procedures [were expected to] make it possible to act against ineffective employees with reasonable dispatch, while still providing the employee his due process rights")
y. See Gajdos v. Department of the Army, 121 M.S.P.R. 361, ¶¶ 18-25 (2014) (arguing that Mathews v. Eldridge, 424 U.S. 319 (1976) established the standard to determine due process rights); dissenting opinion of Vice Chairman Wagner, at ¶ 3 (asserting that the Board's examination of an employee's entitlement to due process should be governed by Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), not Mathews).
z. See Gilbert, 520 U.S. at 930 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). Due process "is flexible and calls for such procedural protections as the particular situation demands.

## STATUTES AND REGULATIONS

5 U.S.C 7102 Employees' Rights

5 U.S. Code § 2301 8A B 9 A&B - Merit System Principles

5 USC §551 et seq. (1946) Administrative Procedure Act

5 U.S. Code § 3331 – Federal Employees, US President, US Senate, US Congress Oath of office

5 U.S.C. § 702. Contempt fines to compensate the plaintiff for loss suffered due to the defendant's noncompliance

15 U.S. Code § 1825 - Violations and penalties for violating the Federal Oath to Office

## CODE OF FEDERAL REGULATIONS

5 CFR Appendix IV to Part 1201, Sample Declaration Under 28 U.S.C.1746

Title 42 Code of Federal Regulations 2000e

29 CFR Part 1614 – Reporting Complaints of Discrimination

29 CFR 1606.8 - Harassment.

29 CFR 1614-Federal Sector Equal Employment Opportunity

29 CFR Part 1614, Subpart G - Antidiscrimination & Retaliation Act of 2002 **No FEAR Act** *Pub L. 107-174*



5

## STATUES AND OTHER REGULATIONS
Civil Service Reform Act of 1978 (CSRA)
Civil Rights Act of 1964 (Title VII) /Civil Rights Act of 1991

## UNITED STATES CONSTITUTION
5th Amendment ; Due Process
14th Amendment ; Due Process

## Federal Rules of Civil Procedure
Fed. R. Civ. P. 65(a) Injunctions and Restraining Orders
Fed. R. Civ. P. 70 Enforcing Judgement for a Specific Act
Fed. R. Civ. P. 62. Stay of Proceedings to Enforce a Judgment
Fed. R. Civ. P. 4.1(a). US Marshall serving Injunction

## MAGNA CARTA~ DUE PROCESS LAW OF THE LAND
Due process is a constitutional guarantee that prevents governments from impacting citizens in an abusive way. Due process includes procedural standards courts must uphold in order to protect peoples' personal liberty .It traces its origins to Chapter 39 of King John's Magna Carta, which means no citizen will be dispossessed of his property, or harmed except "by the law of the land," referred to customary practices of the court. The phrase "due process of law" first appeared as a substitute for Magna Carta's "the law of the land" in a 1354 statute of King Edward III that restated Magna Carta's guarantee of the liberty of the subject.

## *Administrative Procedure Act (APA)*,
U.S. law, enacted in 1946, stipulates how federal agencies may make and enforce regulations. The APA was the product of concern about the rapid increase in the number of powerful federal agencies in the first half of the 20th century, when President Franklin D. Roosevelt, created a number of agencies to implement his social and economic programs. Agencies are extensions of the Executive branch of government which have the ability to make, interpret, and enforce rules and regulations. Because they are unelected and arguably combine executive, legislative, and judicial functions, agencies have been criticized as undermining the separation of powers between the three branches of government. Defenders of agencies have argued that potential abuses can be prevented by Congress, which supervises the work of federal agencies. In any event, agencies serve an important practical purpose because they can address problems more quickly and in more detail than Congress. Agencies may be called upon to apply technical, or administrative expertise to implement the broad policy decisions made by Congress.

## LEGISLATION
***Whistle Blower Protection Enhancement Act* § 2(a)** WPEA authorizes the MSPB to award compensatory damages in prohibited personnel practice cases. The WPA prohibits the taking of a broad range of personnel actions in retaliation including removals, demotions, reassignments, pay decisions, as well as significant changes in duties, responsibilities, or working conditions

***H.R. 571*,** *The Veterans Retaliation Prevention Act of 2015. Provides that ( VA) employees who seek to report potential government waste, criminal, behavior, or compromised heath care services with in the VA, a set process to fix problems at the lowest level, affording them improved protection from retaliation*

## AFFIVDAVIT DECLARATION IN SUPPORT OF MOTION

1. Justicia Rizzo ,pro se litigant am the Plaintiff of the request for the Preliminary Injunction, make the following declarations/ arguments under the penalty of perjury.

## INTRODUCTION

The MSPB has lacked the two members needed to form a quorum since **January 2017**. In October 2021, the **U.S. Senate Committee on Homeland Security & Governmental Affairs** voted to advance President Biden's three nominees for the Board: Cathy Harris, Raymond Limon, and Tristan Leavitt. A full Senate vote on the nominees has yet to be held, though the same committees also voted to confirm Donald Trump's nominees. The Senate has basically repudiated the Administrative Procedure Act by deliberately creating a judicial road block for any employee with a MSPB case pending before the MSPB Board. By not implementing quorum at the MSPB, the Senate is holding federal employees' due process rights hostage. The MSPB is unable to issue final rulings on whistleblower retaliation cases for federal employees which violates the **Whistle Blower Protection Act pf 2017**. This means that federal employees who were fired or otherwise retaliated against for blowing the whistle on misconduct have been left in legal limbo for years without any remedy insight. The MSPB currently estimates there is a backlog of over **3,400** cases (Three Thousand four hundred) pending before the Board. According to governmental news outlets, former MSPB member Mark Robbins, argued that " this backlog could take over **5 years** to work through." The Senate's continual failure to confirm the MSPB judges is blocking the due process rights of federal employees, whom are to have a constitutional guaranteed right backed by the Supreme Court. The lack of quorum at the MSPB has essentially blocked numerous litigants from obtaining judicial remedy. The United States, Senate's continual failure to confirm the MSPB judges is a mockery to the Civil Service Reform Act and Violates the US Constitutional Right to Due Process of the **Fifth and Fourteenth Amendment which says that no one shall be "deprived of life, liberty or property without due process of law."** The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the "Due Process Clause", to describe a legal obligation of all states. The Fifth and Fourteenth Amendments to the Constitution, incorporated the model of the rule of law that English and American lawyers associated with Magna Carta for centuries. Under this model, strict adherence to regular procedure was the most important safeguard against tyranny. Over time, courts in the United States have ruled that due process also limits legislation and protects certain areas of individual liberty from regulation. Additionally, The Supreme Court has held that federal employment is constitutionally protected property, meaning that it cannot be taken away without due process. The fact that a Democratic lead Senate has repeatedly failed to schedule and confirm judges necessary to uphold the US Constitution, The Civil Service Reform Act and the Administrative, essentially means that Chuck Schumer is guilty of failing to uphold his oath of office which is punishable pursuant to **18 U.S.C. 1918:** . However the Democrats appear to be deliberately holding the judicial remedies in limbo on purpose. Thousands of administrative cases remain in a state of judicial limbo without the Senate being held responsible. The Plaintiff is acting in the interest of justice to STOP any further abuse of power. The Senate's attempt to fast track a Democratic Judge to the Supreme Court when thousands of other cases have been held up is a mockery to justice. There are both Administrative and other Federal Court cases held up by the Senate. The SAME set of people designated to confirm the Supreme Court Justice are appointed to confirm the MSPB judges, therefore the Plaintiff seeks to BLOCK the confirmation of the Supreme Court Justice until the (3) Appointees for the MSPB are confirmed FIRST.



7

## ARGUMENT

The Plaintiff was wrongfully terminated in 2014, after reporting alleged Patient Neglect at the Geriatrics and Extended Care Line of the satellite location of the Cincinnati Department of Veteran Affairs. The Plaintiff both filed a complaint with the Cincinnati VA In- Patient Advocate and also wrote a letter to the OBMA White House, regarding perceived, patient neglect, abuse of authority, retaliation and discrimination . President Barrack Obama, appointed the former CEO of Procter and Gamble to the Department of Veteran Affairs, Bob McDonald who held a open town hall which reportedly lead to the Cincinnati VA Director being forced to retire. However, President Barrack Obama left office without nominating (1) Administrative Judge to the MSPB in 2016. In March of 2016 the Plaintiff was declared a Whistle Blower by the MSPB's Initial Decision, granting reinstatement with back pay. In **MSPB CH- 0752-15-0104I-2,** The MSPB initial decision came with an **ORDER** for **Interim Relief.** The MSPB Initial decision had instructions on filing for damages once the ORDER became **FINAL** which the MSPB judge alluded to awarding two types of damages. Less than 24 hrs. before the MSPB Order was to be **FINAL**, the Agency submitted a **FRAUDULENT** Petition for Review(PFR) , The Cincinnati VA did NOT file a petition against some 45 stipulations levied against the Plaintiff, the Agency PFR, only **DISPUTED** the Plaintiff being declared a **WHISTLEBLOWER**. The Only evidence the Agency used to dispute the Plaintiff being a Whistle Blower was the testimony of Former Cincinnati VA Director Linda Smith. The Plaintiffs however submitted **Direct Evidence** of PERJURY. The MSPB **FAILED** to respond the Plaintiff's Motion submitted on **May 2, 2016 arguing NON COMPLIANCE and PERJURY**, on **November 10, 2021**, the MSPB gave the Cincinnati VA another opportunity to respond to the Plaintiff's allegations of **NON COMPLIANCE** and to respond to The Plaintiff's **DIRECT EVIDENCE of perjury**. The VA had until **November 20, 2021** to submit evidence of COMPLAINCE and to RESPOND to the Plaintiff's allegations of perjury. The VA **FAILED** to respond! **SEE 5 CFR § 1201.116 - Compliance with orders for interim relief.** This means the VA's PFR is ripe for **DISMISSAL.** The VA had until **December 5, 2021** to respond the Plaintiff's CROSS PETTION FOR REVIEW (CPFR) but also **FAILED** to Respond. The MSPB Initial judge decision sustained the charge of failing to meet with PhD Scott Hutton the VA Psychiatric Nurse overseeing the VA Threat Assessment Team, and for throwing away another VA employee's print out from a community printer because the Plaintiff **ADMITTED** to both charges, therefore the Judge reasoned the Plaintiffs admittance was grounds to sustain the charges. The Plaintiff's CPFR argument is the VA **FAILED** to prove *Actionable Misconduct*. The MSPB Administrative Record has multiple retaliatory motives. Noting since the Cincinnati VA also **FAILED** to respond to the Plaintiffs Cross Petition their legal redress is **MUTE.** , meaning the Plaintiff has a high likelihood to **SUCCEED**. **See Stop Rail Now v. DeCosta, 203 P.3d 658, 663 (Haw. Ct. App. 2008)**("Generally, the standard for a preliminary injunction is: (1) whether the moving party has shown that it is likely to succeed on the merits; (2) whether the balance of irreparable harms favors the issuance of an injunction; and (3) whether the public interest supports granting such an injunction"). The Plaintiff argues the Cincinnati VA Filed a fraudulent motion on purpose when they knew the MSPB was without quorum. As a result of the lack of MSPB quorum, the Plaintiff was subject to irreparable harm, and continues to suffer. The Plaintiff had just come out of litigation from 2014, since the Cincinnati VA failed to follow any rules, the Plaintiff was subject to continual violations of retaliation, and discrimination. The Plaintiff who was revolved right back out the door was forced to cash out her Federal Retirement resulting in penalties and fees. The Plaintiff ended up in financial disputes with family and was illegally evicted by her Paternal Uncle in November of 2017. The Plaintiff then lost custody of a maternal cousin whom she had custody of since 2004. The Plaintiff lost custody of a family member, whom she had in her custody since the child was 6 months old to being a teenager. The teenage family member the Plaintiff raised, was identified to have a venerable mental status since having been born substance exposed and had never formally met his biological parents. The Teenager attempted to

8

commit suicide after the Plaintiff and the minor child experienced eviction in 2017 was taken into state custody passed around through nearly (6) different homes and facilities and will be emancipated in March of 2022. Both the teenager and Plaintiff have been subject to systematic abuse of authority in the governmental arenas. The Plaintiff claims that both she and other family members were harmed by the actions of the Cincinnati VA. The lack of remedy available through administrative remedies has led to additional crisis and additional litigation. The Plaintiff was ultimately subject to homelessness twice and remains financially venerable while being priced out of the housing market. The Plaintiff lost a house she owed LESS than $100,000) (One hundred thousand dollars) which sold for $225,000 (Two Hundred and Twenty Five Thousand Dollars) The Plaintiff did not receive any monies for the sale of her home . The Plaintiff a service connected veteran , has been mentally harmed from the atrocities suffered at the hands of the Department of Veteran Affairs. Noting Prior to the Plaintiffs Employment at the VA. The Plaintiff was a private person who did not have her name plastered all over google attached to multiple litigations. The Plaintiff should not be stuck in a perpetual non ending cycle of litigation because the Senate is refusing to do their job. **See Pop Radio, LP v. News America Marketing In-Store, Inc., 898 A.2d 863, 867 (Conn. Super. Ct. 2005).** "To obtain a temporary injunction, an applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.

### FACTS

I. <u>Irreparable Harm</u>

The Plaintiff a former AFGE Union Steward, and Administrative Assistant to the Cincinnati VA credited with 10 years of Federal Service, has been subject to a series of retaliatory acts to include but not limited to: Malicious and discriminatory prosecution of disorderly conduct charges in a closed federal criminal courtroom absent any advocacy or representation. The Plaintiff a decorated veteran of the US ARMY and Tennessee National Guard, United States Property Fiscal Office, has been a victim of slander, harassment, bullying, assault , stalking, car vandalism, aand has had her reputation negatively affected by people for conspired to lie on her and get her fired. None of the violators of the law have been held accountable while the Democratic Senate Leader Chuck Schumer arbitrarily refuses to schedule the confirmation hearings for the MSPB judges. The US Senate is making HISTORY by having the MSPB go without quorum for over 5 years, thus violating the Administrative Procedure Act. The Administrative Procedure Act (APA) is a federal <u>act</u> that governs the procedures of <u>administrative law</u>. The APA is codified in <u>5 U.S.C. §§ 551–559</u>.The core pieces of the act establish how federal <u>administrative agencies</u> make <u>rules</u> and how they <u>adjudicate</u> administrative litigation. <u>5 U.S.C. § 551(5)–(7)</u> clarifies that rulemaking is the "agency process for formulating, amending, and repealing a rule," and adjudication is the final disposition of an agency matter other than rulemaking. Formal Rulemaking. <u>5 U.S.C. §§ 553</u>, <u>556</u>, and <u>557</u> govern formal rulemaking<u>.</u>

The Plaintiff argues the Cincinnati VA filed a **Fraudulent Motion** in the first place, and the collective actions of both the Cincinnati VA, and the US Senate have caused the Plaintiff to be subject to a series of acts that have and continue to cause IRREPERABLE HARM. The Plaintiff argues, she was both illegally retaliated and discriminated against following her MSPB reinstatement, and she also currently has a case pending in Federal Court, See Eastern District Court of Kentucky CIVIL ACTION 17-95-DLB CIS which is under APPEAL with the 6th Circuit Court of Appeals, SEE APPEALS CASE 21-5148, last motion filed by the Appellant December 2021, [**Response to Brief of Defendants**]. The Plaintiff has been approved as a pauper in both the Easter District Court of Kentucky and the 6th Circuit Court of Appeals, and argues that she is more venerable to ongoing irreparable harms if the courts do not take action. The Senate has <u>not</u> forecast when they plan to confirm the MSPB judges who have be nominated during not one **two** presidential terms. As of February 2022, over 100 advocacy groups have contacted the Senate only to be what appears to be stone walled. Consequently the Democrats appear to want to fast track the confirmation of a

Supreme Court Justice, while the Senate has stonewalled just about everyone including the media about the confirmations of the MSPB Judge. Senate majority leader, Chuck Schumer, has the potential to corrupt justice by trying to fast track a Supreme Court Justice when the current Justice has not even formally retired yet while thousands of cases in the MSPB are without a pathway to judicial remedy. The temporary injunction requested by the Plaintiff, is **not** an effort to block the confirmation of the Supreme Court Justice, but to **DELAY** the confirmation until the MSPB seats, which have been empty for over **5 years** is completed FIRST. **See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)** district court may grant injunctive relief only if the movant establishes the following: (1) it has a substantial likelihood of success on the merits of the underlying case; (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and; and (4) an injunction would not disserve the public interest

## II. Irreparable Harm To Others & Public Interest

**See Stop Rail Now v. De Costa, 203 P.3d 658, 663 (Haw. Ct. App. 2008)**("Generally, the standard for a preliminary injunction is: (1) whether the moving party has shown that it is likely to succeed on the merits; (2) whether the balance of irreparable harms favors the issuance of an injunction; and (3) whether the public interest supports granting such an injunction"). The Plaintiff argues that if the courts do not issue an injunction to block the confirmation of the Supreme Court Justice, the Senate will continue to ignore the thousands of cases on black log at the MSPB. Senate Leader, Chuck Schumer appears to be abusing his authority given he has not had to answer to anyone when he is blatantly repudiating the Administrative Procedure Act, The Civil Service Reform Acts and violating federal employees, more noteworthy a US Veteran's right to Due Process Under the United State Constitution. **See Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1, 28-34 (1991)** (*Scalia, J., concurring) (describing the history of due process from the Magna Carta in 1215, to an English statute from 1354, to the American colonists' understanding of the term in the late 18th century as expressed in their laws and state constitutions, to Supreme Court decisions reached thereafter* **See Lloyd-La Follette Act, 37 Stat. 555, Aug. 24, 1912. 5 S. Rep. 95-969, at 40 (1978 U.S.C.C.A.N. 2723, 2762)** (*explaining that the CSRA's "new procedures [were expected to] make it possible to act against ineffective employees with reasonable dispatch, while still providing the employee his due process rights"*). **Congress** holds legislative power to address violations for failing to uphold the oath of office, yet House Speaker Nancy Pelosi , also appears to ignore the case bag log since neither the Senate Leader or House Speaker Pelosi, are not immediately affected by the matter. The Plaintiff is for all intents a purposes a "whistle blower", subject to the judicial remedies outlined under the **Whistle Blower Protection Enhancement Act,** she not only speaks for herself but for thousands of others who have been victim to federal abuses of authority. The Plaintiff argues the temporary injunction will force the hand of the Senate to do their job most expeditiously. The Plaintiff who also has an EEO/MSPB Civil Action directly tied to her pending MSPB case would like intervention by the courts to address the issue of having numerous litigants being stuck in litigation and are subject to irreparable harm due to delayed justice . **See Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987);** In the employment law context, certain jurisdictions support a presumption of irreparable harm in discrimination and retaliation cases. A temporary injunction will force the hand of the US Senate to do their job and reinstate the remedies established by the Civil Service Reform Act, the Whistle Blower Protection Act, the Administrative Procedure Act and the United States Constitutional Right to Due Process derived from Magna Carta. Consequently, the public interest here favors issuance of a preliminary injunction for reasons similar to those discussed with respect to the other preliminary injunction factors: "[*Pursuing Am.'s Greatness v. F.E.C.*, **831 F.3d 500, 511 (D.C. Cir.**

2016) (quoting *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013)); *see also* **League of Women Voters v.Newby**, 838 F.3d 1, 12 (D.C. Cir. 2016) ("**There is generally no public interest in the perpetuation of unlawful agency action.**"). *There is in fact a "substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations."* **League of Women Voters, 838 F.3d 12.** *Because "it may be assumed the Constitution is the ultimate expression of the public interest.* Finally it is in the public interest of the United States to uphold the constitution, and to hold the politicians responsible for the duties they are tasked to uphold. A temporary injunction will force the hand of the Senate to hold the confirmation hearings before attempting to fast track a nominee to the Supreme Court Justice.

### STATEMENT REGARDING ORAL ARGUMENT

While the Plaintiff feels her stated written argument should suffice a request for a Preliminary Injunction, The Plaintiff is documenting a request for an oral argument to be a voice of advocacy for herself and countless others who have been stuck in a perpetual state of litigation with no foreseeable ending in sight. Due to the senate's failure to confirm the MSPB Judges, justice has been denied for over 5 years. The Plaintiff is <u>not</u> the only person affected by denied justice. Justice delayed, interpreted as Justice denied, has been a colloquialism echoed by the Civil Rights leaders of the Jim Crow era. While President Biden has been all over television promoting the idea of seating the FIRST black woman to the Supreme Court, the Plaintiff is essentially a black woman who has been injured by the delayed justice through the same group of people charted to confirm Ketanji Brown Jackson. Justice delayed is justice denied" is a legal maxim. It means that **if legal redress or equitable relief to an injured party is available, but is not forthcoming in a timely fashion, it is effectively the same as having no remedy at all.** The Plaintiff argues that if the courts fail to temporarily block the confirmation of the Supreme Court Justice until the Senate Confirms the MSPB judges, The Plaintiff is a Black woman who is being denied justice. The Plaintiff only seeks to present Oral Argument as outlined in **Federal Rules of Civil Procedure 34**, if the courts want the Plaintiff to further elaborate on the grounds to necessitate the requested Preliminary Injunction

### CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion for Preliminary Injunction and direct the Senate to Confirm the MSPB Judges prior to attempting to confirm the Supreme Court Nominee. The Plaintiff also request to hold Senate Leader Chuck Schumer in contempt of Court , if he does not schedule the MSPB Confirmation within 90 of the injunction, making him subject to fines and or penalties to include but not limited to violation of federal employees oath of office . The Plaintiff request review of any and all case law cited in her case listing even if it is not presented in written argument. The Plaintiff concludes that she has already been labeled as a Federal While Blower and is subject to any and all provisions of protection afforded to her under various federal statutes. The Plaintiff reiterates that she has been subject to irreparable harms , but is likely to success on her MSPB Case in which a fraudulent PFR has blocked has delayed her path to justice and that path was further blocked by the Senates Failure to confirm the judges. The Plaintiff argues that she is the voice for the over 3,400 cases that remain in limbo an she prays that the court will implement the said Injunction with out delay . **KJV Amos 5;24** let judgment run down as waters, and righteousness as a mighty stream.

Respectfully Submitted,

*Justicia Rizzo*
**Justicia Rizzo, Non Attorney, Veteran**
PO Box 2154 Hendersonville, TN 37077
**EMAIL:** jsrizzo@mail.com **TEL.** (202) 819-1673

Dated: March 2, 2022

# CERTIFICATE OF SERVICE

The undersign, certifies the foregoing, Request for Injunction is to be Served by US Marshall. Pursuant to Federal Rules of Civil Procedure 4.1 (a)

**UNITED STATES PRESIDENT** JOSEPH ROBINETTE BIDEN JR
UNITED STATES WHITE HOUSE
1600 Pennsylvania Ave, NW
Washington, DC 20502

**DEMOCRATIC SENATE LEADER** CHUCK SCHUMER
UNITED STATES SENATE
322 Hart Senate Office Bldg.
Washington, DC 20510

**SPEAKER OF THE HOUSE NANCY PELOSI**
UNITED STATES CONGRESS
1236 Longworth House Office Building
Washington, DC 20515

s/ _Justicia Rizzo_ 3-2-22
Justicia Rizzo, Non Attorney, Veteran