UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JUSTICIA RIZZO, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:22-cv-00151 |
| SENATOR CHUCK SCHUMER, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Justicia Rizzo filed a Motion for Preliminary Injunction against President Joseph R. Biden, Jr., Senator Chuck Schumer, and Speaker of the House Nancy Pelosi. (Doc. No. 1). On March 4, 2022, the Court ordered Rizzo to properly initiate this action by submitting a signed Complaint. (Doc. No. 5). Thereafter, Rizzo submitted an "Amended Motion for Preliminary Injunction." (Doc. No. 6). The Court denied Rizzo's Amended Motion without prejudice for failure to comply with the mandatory requirements of Federal Rule of Civil Procedure 65 and Local Rule 65.01. (Doc. No. 10). In addition, the Court ordered Rizzo to "comply with the Court's March 4 Order by timely submitting a signed Complaint or face dismissal of this action." Id. In response, Rizzo submitted a "Complaint with Request for Preliminary Injunction and Temporary Restraining Order" against Senator Chuck Schumer, Speaker of the House Nancy Pelosi, and Senator Mitch McConnell.[1] (Doc. No. 11).

---

[1] This document is accompanied by a Motion to Amend Defendants. Plaintiff, however, had not initiated this action prior to submission of the Complaint. As the master of her Complaint, Rizzo may sue the defendants of her choice. Thus, the Moton to Amend Defendants (Doc. No. 12) is **DENIED AS MOOT**.

Federal Rule of Civil Procedure 8 directs that the Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, the Court twice ordered Rizzo to "set forth . . . specific legal claims against Defendants and include factual allegations sufficient to demonstrate a plausible, non-speculative right to right to relief." (Doc. Nos. 5, 10). Although the Complaint is difficult to parse, the gravamen appears to be that Rizzo was wrongfully terminated by the U.S. Department of Veteran's Affairs in 2014 and suffered rights violations in connection with proceedings before the U.S. Merit Systems Protection Board ("MSPB"). (Doc. No. 11 at 8). The Complaint, however, neither brings a discernable claim against Defendants Schumer, Pelosi, or McConnell, nor alleges that Defendants knew about or participated in the complained-of events. (See Doc. No. 11). Rather, Defendants appear to have been named because they are involved in the confirmation of Judge Ketanji Brown Jackson to the U.S. Supreme Court that Rizzo seeks to enjoin.[2] Id. at 10-11. Accordingly, the Complaint is speculative and fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that, under Rule 8(a), a complaint must raise a right to relief above the speculative level). Moreover, the Court cannot discern what cause of action Rizzo may wish to bring against Defendants because the rambling Complaint is to difficult to parse. See Brown v. Mastauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading"); Young Bok

---

[2] The Complaint appears to suggest that Defendants violated Rizzo's due process rights by failing to confirm certain nominees in a timely fashion. (See Doc. No. 11 at 7). However, Rizzo does not plausibly allege that the pace of confirmations has deprived her of a constitutionally protected property interest or liberty interest, Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989), or show that the rapid confirmation of MSPB nominees "rise[s] to more than 'an abstract need or desire'" based on "unilateral hope." Id. (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981)); see also Compl. at 11 (explaining that Rizzo seeks to "force the hand of the US Senate to do their job").

2

Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining that the Court's role is not "to ferret out the strongest cause of action on behalf of" pro se litigants or advise "as to what legal theories they should pursue").

Accordingly, to proceed in this matter Rizzo **MUST** submit an Amended Complaint that, at a minimum, puts Defendants on notice of the legal basis of each claim and includes factual allegations sufficient to demonstrate a plausible right to right to relief against Defendants that rises above the speculative level. If appropriate, Rizzo may name additional Defendants. In any event, Rizzo should set forth, in a short, plain, and understandable manner, the "who, what, where, when, why, and how" of events giving rise to her specific claims. The Clerk **SHALL** mail Plaintiff a blank Complaint for a Civil Case (Pro Se 1). The Court **MUST** receive the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket. Failure to comply or request an extension by the deadline will result in dismissal of the Complaint. Fed. R. Civ. P. 41(b).

Finally, the request for temporary injunctive relief under Rule 65(b) included in the Complaint is **DENIED WITHOUT PREJUDICE**, because Rizzo has failed to comply with the mandatory requirements of Federal Rule of Civil Procedure 65(b)(1)(A) and (B) and Local Rule 65.01(b) and (c). As previously explained by the Court, these rules require a party seeking a temporary restraining order to provide (a) specific facts in a separately-filed affidavit or a verified complaint that clearly show immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) explain in writing efforts made to give notice to the adverse party and the reasons why it should not be required. See Fed. R. Civ. P. 65(b); M.D. Tenn. L. R. 65.01(b).

3

Case 3:22-cv-00151   Document 13   Filed 04/04/22   Page 3 of 4 PageID #: 75

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE